IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARITZA D. CRUZ RODRIGUEZ<br><br>PLAINTIFF<br><br>Vs.<br><br>UNIVERSITY OF PUERTO RICO; ET ALS<br><br>DEFENDANTS | CASE NO. 19-CV-1318 (CCC) |

## OPOSITION TO MOTION TO DISMISS

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff, through its undersigned legal counsel, and very respectfully states and prays as follows:

1. After studying defendants Motion to Dismiss, plaintiff does not object to the dismissal of the federal claims under ADA.

2. Notwithstanding, plaintiff objects defendant's request for dismissal regarding the supplemental state law claims.

3. The decision whether to exercise supplemental jurisdiction is left to the sound discretion of the district court. See Vera-Lozano v. International Broad., 50 F.3d 67, 70 (1st Cir.1995). A federal court may exercise supplemental jurisdiction over a state claim whenever it is joined with a federal claim and the two claims "derive from a common nucleus of operative fact" and the plaintiff "would ordinarily be expected to try them both in one judicial proceeding." Id. (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)) (internal quotation marks omitted). The

supplemental jurisdiction statute states that a district court may refuse to exercise supplemental jurisdiction if the state claim "substantially predominates over the claim or claims over which the district court has original jurisdiction" or "the claim raises a novel or complex issue of state law." 28 U.S.C. §§ 1367(c)(1), (c)(2). The district court should consider on remand whether to stay, act on plaintiff's state law claims.

4. As the Supreme Court noted, 28 U.S.C. § 1367 provides litigants an "opportunity … to pursue complete relief in a federal-court lawsuit." <u>Arbaugh v. Y & H Corp</u>., 126 S. Ct. 1235, 1240 (2006). Section 1367 codified the concept of pendent or ancillary jurisdiction set forth in <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715 (1966). The section also provides the statutory basis upon which a **federal district court can exercise subject matter jurisdiction over a state law claim that could not, by itself, be brought in federal court if such a claim arises from the same set of operative facts that form the basis of the underlying federal claim**. Specifically, § 1367(a) provides, in relevant part, that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added).

5. It the present case, plaintiff's state law claims claim arise from the same set of operative facts that form the basis of the underlying federal claim.

Furthermore, state and federal law are very similar regarding protections to plaintiff, therefore supplemental jurisdiction is warranted.

**WHEREFORE**, it is requested that this Honorable Court exercises its supplemental jurisdiction regarding the state law claims. In the alternative, this Honorable Court should remand plaintiff's state law claims.

**RESPECTFULLY SUBMITTED**.

IT IS HEREBY CERTIFIED that on this same date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for plaintiff.

In Aguadilla , Puerto Rico this 5th day of June, 2019.

        **ROLDÁN GONZÁLEZ & ASOCIADOS**
        35 Progreso
        Aguadilla, P.R. 00603
        Tel: (787)-891-1359
        Email: irg@roldanlawpr.com

        *S/ Israel Roldan-Gonzalez*
        ISRAEL ROLDAN GONZALEZ
        USDC-PR No. 115602